```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Charles A. Young,                  :

    Plaintiff,                 :

  v.                              :  Case No. 2:07-cv-0870

                                        :  JUDGE SMITH

Jim Karnes, et al.,

    Defendants.                :

<u>REPORT AND RECOMMENDATION</u>

    Plaintiff, Charles A. Young, a state prisoner, filed this action against Franklin County Sheriff James Karnes, Franklin County Sheriff Deputy Chambers, and unknown Franklin County Sheriff Deputies named as John Does asserting a claim under 42 U.S.C. §1983. According to Mr. Young's complaint, he was denied medical attention for a broken hand he received in an altercation he was involved in while in a holding cell at the Franklin County Jail.

    The defendants have moved for summary judgment contending that Mr. Young has failed to exhaust his administrative remedies. The defendants have also moved to strike Mr. Young's memorandum opposing the motion for summary judgment, or in the alternative, defendants have moved to dismiss the complaint pursuant to Civil Rule 41(b). For the reasons that follow the Court will recommend that the defendants' motion to strike, or in the alternative, to dismiss, be denied and that their motion for summary judgment be granted.

                                        I.

    Turning first to defendants' motion to strike or, in the alternative, to dismiss, the defendants contend that Mr. Young

has repeatedly failed to meet deadlines in this case. According to defendants, Mr. Young did not file his memorandum contra until nearly two months after the deadline established by this Court's local rules and three days after a Court-ordered deadline to respond.

There is a preference among courts, including this Court and the Sixth Circuit, that claims be adjudicated on their merits. See Bouyer v. Simon, 22 Fed.Appx. 611 (6th Cir. 2001) (citing Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991)). While dismissal may be appropriate when a pro se litigant has engaged in a pattern of delay, see Bouyer and Jourdan, there is no evidence on this record that Mr. Young has engaged in such an egregious pattern of delay that dismissal would in any way be appropriate here. In fact, the only delay defendants cite is Mr. Young's failure to meet two deadlines for filing his memorandum contra - the second of which he exceeded by three days. Further, although Mr. Young did not date his response, it is likely that he delivered it to prison officials at least three days before the Court received it, so under the "mailbox rule" his response was not late. At the same time, defendants have not provided any evidence of prejudice or anything else that would persuade this Court that striking the memorandum contra is necessary. Consequently, the Court will recommend that defendants' motion to strike, or in the alternative, to dismiss, be denied.

II.

Turning to the motion for summary judgment, summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution of the case are in dispute. It may be rendered only when appropriate evidentiary materials, as described in Fed. R. Civ. P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law. Poller v. Columbia Broadcasting

Systems, Inc., 368 U.S. 464 (1962).  The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).  Additionally, the Court must draw all reasonable inferences from that evidence in favor of the nonmoving party.  United States v. Diebold, Inc., 369 U.S. 654 (1962).

The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  Of course, since "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, the responding party is only required to respond to those issues clearly identified by the moving party as being subject to the motion.  It is with these standards in mind that the instant motion must be decided.

### III.

Defendants have moved for summary judgment alleging that this action must be dismissed for Mr. Young's failure to exhaust available administrative remedies before he filed his complaint. The Prison Litigation Reform Act of 1996 (PLRA) requires a prisoner to exhaust administrative remedies prior to filing an action in federal court.  42 U.S.C. §1997e(a).  "To exhaust a claim, a prisoner must proceed through all steps of a prison or

3

jail's grievance process, because an inmate 'cannot abandon the process before completion and claim that he has exhausted his remedies.'" Umani v. Caruso, 2008 WL 2216283 at *5 (E.D. Mich. May 27, 2008) (quoting Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999)). Although exhaustion is not a jurisdictional prerequisite, it is a mandatory requirement. Wyatt v. Leonard, 193 F.3d 876, 879 (6th Cir. 1999). Failure to properly exhaust bars suit in federal court. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378 (2006). Prisoners are not required to plead and prove exhaustion in their complaint, rather failure to exhaust is an affirmative defense. Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910 (2007). Compliance with the grievance procedures will vary between systems and from claim to claim, "but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Id. at 921. Exhaustion is mandatory even if proceeding through the administrative process would appear to the inmate to be "futile." Hartsfield, at 308-310. That is, "there is no futility exception to the exhaustion requirement." Unami at *6 (citing Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819 (2001)).

In support of their motion, defendants have provided the affidavit of the jail's administrator, Chief Deputy Mark J. Barrett. Attached to this affidavit are documents generated and maintained as part of the jail's daily operations. Affidavit at ¶2. According to Mr. Barrett, each inmate is provided with a copy of the inmate handbook which outlines the jail's grievance procedure. Id. at ¶13. An inmate initiates the grievance process by submitting a "call card" setting forth the inmate's concerns. Id. at ¶6. Call cards are provided to inmates upon request. Id. There is no record of Mr. Young's ever having filed a call card either to initiate a grievance or to appeal any determination made pursuant to a grievance. Id. at ¶14. The

4

grievance logs attached to Mr. Barrett's affidavit as Exhibits A-2 and A-3 also indicate that Mr. Young did not file a call card. Id. at ¶¶11 and 12.

In response, Mr. Young has filed an "opposing memorandum" unsupported by an affidavit or any other evidentiary materials as required by Fed. R. Civ. P. 56(e).  This memorandum on its own is insufficient to raise a genuine issue of material fact regarding whether Mr. Young has properly exhausted his available administrative remedies.  See Fed. R. Civ. P. 56(e).  Moreover, even if the Court were able to consider the statements in his memorandum, Mr. Young has not raised a genuine issue of material fact.

In his memorandum, Mr. Young asserts that he tried to seek administrative remedies on the date of the accident but that time to do so was limited.  Opposing Memorandum, p. 3.  Further, he claims that "he did not have access to administrative paper work" after he was transferred to the Correctional Reception Center on the Monday following the incident on Friday.  Id. at p. 2. Additionally, he states that he did not believe he could "get or achieve any further action from defendants...." Id.

Mr. Young's conclusory statements that he did not have enough time or did not have access to administrative paper work, would not raise a genuine issue of material fact because nonspecific, conclusory statements will not overcome a properly supported motion for summary judgment.  See Fed. Civ. R. 56(e); Mitchell v. Toledo Hospital, 964 F.2d 577, 584-585 (6th Cir.1992); Maki v. Laakko, 88 F.3d 361, 364 (6th Cir. 1996). Additionally, Mr. Young's belief that pursuing the grievance process would have been futile, would not excuse the exhaustion requirement.  Hartsfield.

The Court also notes that, in his memorandum, Mr. Young states that a report of the altercation was taken and that he

5

made a statement in the report regarding the denial of immediate medical attention. Opposing Memorandum, p. 2. To the extent Mr. Young may be suggesting that his statement in the report could be construed as an attempt to initiate the grievance procedure, this claim would fail. A prisoner must utilize the formal grievance process provided and cannot comply with the requirements of §1997e(a) by informally presenting his claims. Umani at *7 (citing Shephard v. Wilkinson, 27 Fed. Appx. 526, 527 (6th Cir. 2001)).

Finally, to the extent Mr. Young may be attempting to claim that his transfer to the Correctional Reception Center prevented his pursuit of a grievance, there is no evidence to support such a claim here. The "Grievance Mechanism for Health Complaints" submitted by defendants does not contain a time limit for initiating a grievance. See Exhibit A-1 to Affidavit of Mark J. Barrett. Moreover, Mr. Young has not alleged, let alone provided evidence of, any time limit. Under these circumstances, presumably Mr. Young could have pursued a grievance despite his transfer. Nothing in the record suggests that Mr. Young would have been prevented from pursuing a grievance by use of the mail or some other delivery method. Significantly, he does not allege that he requested the necessary grievance forms, either prior to or after his transfer, or that any official denied such a request. See Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 35 (1st Cir. 2002)(inmate failed to comply with the PLRA's exhaustion requirement where grievance procedures remained available despite transfer to another facility); Rodriguez v. Senkowski, 103 F.Supp.2d 131, 134 (N.D.N.Y. 2000)("The mere fact that Plaintiff has been transferred to another prison facility does not necessarily render the exhaustion requirement moot."). See also Deere v. Grady County Sheriff, No. CIV-07-82-W, 2007 WL 4463749 at *4 (W.D. Okla. Dec. 17, 2007)(failure to exhaust

administrative remedies found where plaintiff did not assert he was unable to access the grievance procedure either while in jail or after transfer). In short, viewing the record in the light most favorable to Mr. Young, it contains no evidence from which the Court could conclude that Mr. Young exhausted his available administrative remedies prior to filing this action.

## IV.

Based on the foregoing, it is recommended that defendants' motion to strike, or in the alternative, to dismiss(Doc. #13) be denied. Further, it is recommended that defendants' motion for summary judgment (Doc. #10) be granted.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp  
United States Magistrate Judge
